IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN SELPH,

      Plaintiff,

vs.                                      No. CV 17-00410 JCH/SCY

COUNTY OF SAN JUAN PROSECUTOR
ROBERT P. TEDROW and
DISTRICT ATTORNEY OFFICE ALL ASSISTANTS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. §§ 1915A 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Julian Selph (Doc. 1). The Court will dismiss the Complaint on the grounds that it fails to state a claim, seeks monetary relief from Defendants who are immune from such relief, and is barred by *Younger v. Harris,* 401 U.S. 37 (1971) .

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Julian Selph is a prisoner in the custody of the State of New Mexico. At the time he filed his Complaint, he was a pretrial detainee awaiting trial on charges in State of New Mexico, County of San Juan, Eleventh Judicial District Court cause no. D-1116-CR-201500444. (Doc. 1 at 19). During the pendency of this action, Selph has been convicted by a jury and sentenced to 339 years imprisonment on multiple counts of criminal sexual penetration of a child under 13, criminal exual contact with a minor under 13, child abuse, and intimidation of a witness. *See* D-1116-CR-201500444.[1]

---

[1] The Court has reviewed the official record in Selph's state court proceedings through the New

1

Selph filed his Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1). The caption of Selph's Complaint identifies "County of San Juan Prosecutor Robert P. Tedrow & District Attorney Office All Assistants" as Defendants. (Doc. 1 at 1). In the body of his Complaint, Selph also names Karen Etcitty, an Assistant District Attorney, and New Mexico State Magistrate Judge Trudy Reed-Chavez. (Doc. 1 at 2-3). For Selph's cause of action, the Complaint alleges Count I "malicious prosecution" and Count II "6 Amendment-Due Process." (Doc. 1 at 4). In the space for "supporting facts," Selph states "see attached." (Doc. 1 at 4). Attached to Selph's Complaint are copies of documents from his state criminal proceeding and hand-written letters, addressed "to whom it may concern," setting out what appears to be a rambling diary or log of events occurring during his prosecution. (Doc. 1 at 8-33). Selph seeks "$10,000,000 in monteary damages as well as my case dismissed, for ajudicating officials in my case be removed from office & heavily reprimanded by the Court." (Doc. 1 at 6).

## FAILURE TO STATE A CLAIM FOR RELIEF

Plaintiff Selph is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint

Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the record in case no. D-1116-CR-201500444. United States v. Ahidley, 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (Court may take judicial notice of publicly filed records concerning matters that bear directly upon the disposition of the case at hand).

under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

3

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## ANALYSIS OF PLAINTIFF SELPH'S CLAIMS

### I. The Complaint Fails to State a Claim for Relief

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what*

*to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of an act or omission in violation of any constitutional right by any individual official. The statement in Selph's Complaint that "[t]here has been letter written to my attorney of record, addressing the issue, as well as questions in Court . . ." is wholly insufficient to state any claim for relief. The mere naming of persons as defendants, without any allegations of personal involvement in a constitutional violation, is insufficient to state a claim upon which relief can be granted against them. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Nor do generalized references to attachments (Doc. 1 at 2, 4), without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Selph's formulaic recitations of "malicious prosecution" and "6 Amendment-due process" are not sufficient to state any plausible claim. *Twombly,* 550 U.S. at 570.

## II. Judge and Prosecutors are Immune.

Even if Selph's allegations were sufficient to state a claim for relief, his civil rights and state law claims against judicial officers acting as judges and prosecutors are clearly barred by judicial and prosecutorial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions with 42 U.S.C. § 1983 claims as well as in cases asserting state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special

5

functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Selph seeks to recover damages against Judge Reed-Chase for acts that were made in the exercise of judicial discretion. (Doc. 1 at 3). Any claims against Judge Reed-Chase are barred by absolute judicial immunity. *Van Sickle v. Holloway,* 791 F.2d at 1434–35. Similarly, Selph's claims against District Attorney Robert P. Tedrow and Assistant District Attorney Karen Etcitty are for acts associated with the judicial phase of the criminal process. (Doc. 1 at 1-2). Prosecutors Tedrow and Etcitty are entitled to prosecutorial immunity and the claims against them will be dismissed. *Imbler v. Pachtman*, 424 U.S. at 430.

### III. *Younger* Bars Pre-Conviction Relief.

Selph's civil rights Complaint has been filed while his state criminal case is pending and he seeks relief that would interfere with his criminal prosecution. (Doc. 1 at 2, 3, 6). Regardless of whether Selph's Complaint is legally sufficient, his claims are still barred under *Younger v. Harris,* 401 U.S. 37 (1971). *See Taylor v. Jaquez,* 126 F.3d 1294, 1296 (10th Cir.1997); *Seneca–Cayuga Tribe v. Oklahoma,* 874 F.2d 709, 711 (10th Cir.1989).

In *Younger,* the United States Supreme Court held that a federal district court should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. *See* 401 U.S. at 43–45. The *Younger* decision rested on "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). The *Younger* doctrine, as developed, requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims. *See, e.g., Middlesex County,* 457 U.S. at 432; *Taylor,* 126 F.3d at 1297; *Seneca–Cayuga Tribe,* 874 F.2d at 711. *Younger* abstention is mandatory if each of these three criteria are satisfied. *Seneca–Cayuga Tribe,* 874 F.2d at 711 (internal citations omitted). *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290–91 (10th Cir. 1999).

The Supreme Court has held that, where the underlying state case out of which the federal proceeding arises is ongoing before the state court of appeals, it is pending for the purposes of *Younger* abstention. Even if judgment has been entered at the trial court level, so long as a direct appeal is pending, the *Younger* doctrine applies to bar relief in federal court. *See Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 14 n. 13 (1987); *Mehdipour v. Chapel*, 23 F. App'x 920, 921 (10th Cir. 2001).

In this case, Selph's direct appeal from his criminal conviction and sentence is pending before the New Mexico Court of Appeals. *See* D-1116-CR-201500444. The Court finds that granting the relief

Selph requests would interfere with the ongoing state judicial proceedings, that the State of New Mexico has an important interest in the prosecution of the criminal proceedings, and the New Mexico state courts afford Selph an adequate opportunity to raise his federal claims. The Court will abstain under *Younger* and will dismiss Selph's claims. *J.B. ex rel. Hart v. Valdez*, 186 F.3d at 1290–91.

### IV. The Court Will Not Grant Leave to Amend.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because his claims will either be barred by *Younger* or, once his conviction becomes final, by *Heck v. Humphry,* 512 U.S. 477, 487 (1994), any amendment of Selph's complaint would be futile and the Court will not grant leave to amend.

### V. The Court Will Deny Selph's Pending Motions.

#### A. Letter Request for Appointment of Counsel.

Selph has filed a letter asking the Court to appointment him counsel in this proceeding. (Doc. 6). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to

investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004).

As set out, above, Selph's Complaint does not state any claim for relief, amendment of the Complaint would be futile, and the Court is dismissing all claims. Therefore, based on the Complaint's lack of merit, the Court will deny Selph's request for appointment of counsel. *Beaudry v. Corrections Corp. of America,* 331 F.3d at 1169.

### B. Motion to Amend Complaint.

Selph has also filed a letter motion seeking to amend his Complaint. (Doc. 11). In his motion to amend, Selph seeks to add his Public Defender, Ruth Wheeler, as a Defendant.

Section 1983 states:

> "Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,*** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325.

Under Fed. R. Civ. P. 15(a)(2), the Court is to allow leave to amend when required by justice. Selph's proposed amendment to add his Public Defender is based on allegations regarding the functions of counsel in his criminal case and fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325. Therefore, his proposed amendment would be futile, justice does not require granting his amendment, and the Court will deny Selph's motion to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

### C. *Motion to Reappoint New Counsel.*

Last, Selph has filed his Motion to Reappoint New Counsel. (Doc. 13). In his Motion, Selph asks this Court to appoint him new counsel in his state court proceeding. The Court will deny Selph's request because it lacks authority to appoint counsel in his state case, because granting him relief would interfere in the ongoing state criminal proceeding, and because the state judicial proceedings afford him an adequate remedy to remove existing counsel and seek appointment of new counsel. *Middlesex County,* 457 U.S. at 432.

**IT IS ORDERED:**

(1) Petitioner Julian Selph's letter motion for appointment of counsel (Doc. 6), letter motion to amend complaint (Doc. 11) and Motion to Reappoint New Counsel (Doc. 13) are **DENIED**; and

(2) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Julian Selph (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(b)(6), and *Younger v. Harris,* 401 U.S. 37 (1971).

_____
UNITED STATES DISTRICT JUDGE